UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| RANDALL LOCKHART | ) | |
| | ) | |
| v. | ) | 4:08-cv-65/4:06-cr-30 |
| | ) | *Judge Mattice* |
| UNITED STATES OF AMERICA | ) | |

## **MEMORANDUM**

Randall Lockhart has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Crim. Court Doc. 35). Lockhart was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Lockhart claims his conviction violates his Second Amendment Right to keep and bear arms.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Therefore, Lockhart had one year from the time his judgment of conviction became final to file his § 2255 motion.

Lockhart's judgment was filed on June 15, 2007, and he had ten (10) days, until June 29, 2007, to file a notice of appeal. Lockhart did not pursue an appeal. When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Therefore, the one-year statute of limitations began to run on June 29, 2007, and expired on June 30, 2008.

1

A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); See Rule (C) Fed. R. app. Proc. Although, Lockhart's § 2255 motion was signed by him on September 11, 2008, it does not appear to have been given to the prison mail room until September 16, 2008. Thus, Lockhart's motion is deemed to have been filed on September 16, 2008, more than two months after the expiration of the one-year statute of limitations.

In sum, Lockhart had one year from the time his judgment of conviction became final to file his § 2255 motion. June 30, 2007, was the date Lockhart's right to file an appeal expired. Thus, Lockhart was required to file his § 2255 motion by June 30, 2008, but instead filed his § 2255 motion on September 16, 2008 motion, more than two months after the expiration of the one-year statute of limitation for filing his § 2255 motion. Consequently, Lockhart's § 2255 motion is time-barred by the statute of limitations and will be **DENIED** (Crim. Court Doc. 35).

An appropriate judgment will enter.

                                                              */s/Harry S. Mattice, Jr.*
                                                               HARRY S. MATTICE, JR.
                                                        UNITED STATES DISTRICT JUDGE